**AFFIRM and REMAND; and Opinion Filed November 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01023-CR

### THE STATE OF TEXAS, Appellant
### V.
### ELI RODRIGUEZ, Appellee

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F11-36048-X**

## MEMORANDUM OPINION NUNC PRO TUNC

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

We withdraw our opinion and vacate our judgment dated October 10, 2014. We issue this substitute opinion to correct clerical errors. The State of Texas appeals the trial court's order granting appellee Eli Rodriguez's motion to suppress the warrantless search of his cell phone. For the following reasons, we affirm the trial court's order. We issue this memorandum opinion because the issues are settled in law. TEX. R. APP. P. 47.2(a), .4.

Irving police officers arrested appellee for the offense of stalking. Incident to the lawful arrest, one of the officers searched the text messages on appellee's cell phone "[j]ust to see if there was any evidence we needed to follow up on, any evidence of any kind of illegal activities." He explained that he was looking for "[a]nything that would lead us to believe there is any type of narcotics dealings going on." He found one message he believed referred to marijuana and told his sergeant there may be evidence of drug activity in the text messages. The

sergeant asked a digital forensic specialist to retrieve the data from the phone and put it in a paper format for the sergeant's review. The data was retrieved without a warrant the next day. One of the messages "sparked" an investigation of appellee for sexual assault. The police determined that the number associated with a specific text message belonged to a girl named "Destiny." They talked to Destiny and learned that she had been involved in a "sexual situation" with appellee; she was fourteen and more than three years younger than appellee. The State charged appellee with sexual assault of a child.

Appellee moved to suppress the evidence obtained as a result of the warrantless search of his cell phone. The trial court held a hearing on the motion and, after taking the matter under advisement, granted the motion and suppressed the search of the cell phone and Destiny's testimony. The trial court stated it was relying on the decision in *United States v. Wurie*, 728 F.3d 1, 1 (1st Cir. 2013), *cert. granted*, 134 S.Ct. 999 (2014), in which the court of appeals concluded that a warrantless search of a cell phone incident to a lawful arrest violated the Fourth Amendment. The State argued that *Wurie* was not binding on the trial court, but that even if the search of the cell phone should be suppressed, the State was entitled to a hearing on the admissibility of Destiny's testimony. The trial court recalled that the officers testified they were unaware of the relationship between Destiny and appellee before they searched the cell phone and suppressed Destiny's testimony.

On appeal, the State argues that the trial court erroneously granted the motion to suppress because the search of the cell phone was a valid search incident to arrest and was to preserve evidence "so that there would be no chance that it would be wiped clean or erased." Alternatively, it argues that even if the trial court did not err by suppressing the search of the cell phone, the trial court erred by not holding a hearing regarding the admissibility of Destiny's testimony.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). We conclude that the trial court did not abuse its discretion.

After the parties filed their briefs in this case, the Supreme Court issued a decision in the consolidated appeals in *United States v. Wurie* and *Riley v. California*. __ U.S. __, 134 S.Ct. 2473 (2014). Both appeals involved warrantless searches of the defendants' cell phones incident to a lawful arrest. *Id*. at 2480–82. The Court considered the same arguments the State raises here to justify the warrantless search of appellee's cell phone: the search was incident to a lawful arrest and it was to prevent the destruction of evidence. *Id*. at 2484–95. After considering these arguments, the Court stated: "Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." *Id*. at 2495; *see also State v. Granville*, 423 S.W.3d 399, 402, 417 (Tex. Crim. App. 2014) (requiring warrant to search cell phone).

The warrantless search of appellee's cell phone was illegal, and the trial court did not abuse its discretion by so concluding. *See Riley*, 134 S.Ct. at 2484–95; *Granville*, 423 S.W.3d at 417. But the State argues that even if the trial court did not err by suppressing the search of the cell phone, "[a]ny taint from an illegal search of the cell phone . . . —the discovery of a live witness—was sufficiently attenuated." The State argues that the trial court should have held a hearing on "the willingness of a live witness to testify[.]" We disagree.

The record shows that this was not a situation where a victim called the police and reported a crime; the police called Destiny. But the only reason the police officers knew about Destiny and her sexual relationship with appellee was because of their illegal search of appellee's cell phone. Consequently, we conclude that the trial court did not err by suppressing Destiny's testimony as fruit of the poisonous tree. *See Riley*, 134 S.Ct. at 2481–82, 2495.

We affirm the trial court's order granting appellee's motion to suppress. We remand this cause for further proceedings consistent with this opinion.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

131023F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-01023-CR      V.

ELI RODRIGUEZ, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F11-36048-X.
Opinion delivered by Justice Lang-Miers, Justices O'Neill and Brown participating.

We vacate our judgment dated October 10, 2014. Based on the Court's opinion of this date, the July 10, 2013 order of the trial court granting appellee Eli Rodriguez's motion to suppress is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

Judgment entered this 20th day of November, 2014.